UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BEGASHAW AYELE, Pro Se,
    Plaintiff,

vs.

U.S. SECURITY ASSOCIATES, INC.,
    Defendants.

Case No.: 05-11273 WGY

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT U.S. SECURITY ASSOCIATES, INC.**

Defendant U.S. Security Associates, Inc. ("U.S. Security" or "Defendant") hereby answers the Complaint of Plaintiff Begashaw Ayele ("Plaintiff") as follows. All allegations not specifically admitted should be deemed denied.

1.    Defendant is without knowledge or information sufficient to affirm or deny the allegations contained in Paragraph 1 of the Complaint and calls upon Plaintiff to prove same.

2.    Defendant admits that it is a Delaware corporation providing security service in several states including Massachusetts. Defendant further admits that its Massachusetts office is located at 262 Washington Street, Suite 900, Boston, MA 02108. Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.    Defendant is without knowledge or information sufficient to affirm or deny whether Plaintiff actually filed his charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity

1

Commission ("EEOC") on March 15, 2005. However, Defendant admits that it received a copy of a charge of discrimination dated March 15, 2005 purportedly filed by Plaintiff with the MCAD and the EEOC and further admits that it received a copy of a letter from the MCAD dated April 20, 2005 and a notice from the EEOC dated on or about March 29, 2005, dismissing Plaintiff's charges against Defendant. To the extent that Paragraph 3 describes the contents of various documents, Defendant further states that the documents speak for themselves. Defendant further states that the last sentence of Paragraph 3 contains a legal conclusion and no response is required.

4. Paragraph 4 of the Complaint sets forth averments of law, requiring no responsive pleading by Defendant.

5. Paragraph 5 of the Complaint sets forth averments of law, requiring no responsive pleading by Defendant. Defendant further expressly denies any averment expressly or impliedly asserting that it engaged in any unlawful conduct or activity.

6. Paragraph 6 of the Complaint sets forth averments of law, requiring no responsive pleading by Defendant.

7. Paragraph 7 of the Complaint sets forth averments of law, requiring no responsive pleading by Defendant.

8. Defendant is without knowledge or information sufficient to affirm or deny whether Plaintiff submitted his resume and cover letter and completed an employment application on November 23, 2004. However, Defendant admits that Plaintiff submitted his resume and a cover letter dated November 23, 2004 to Defendant and further admits that Plaintiff filled out a U.S. Security employment application dated November 24, 2004. To the extent that Paragraph 8 describes the contents of Plaintiff's

employment application, Defendant states that the document speaks for itself. Defendant admits that Plaintiff indicated his preferred shifts and that he preferred not to work Sundays during the hiring process, but denies the Plaintiff wrote this information on his employment application.

9. Defendant admits that Shay Pike, Operations Manager for the "Boston Region" of U.S. Security, interviewed Plaintiff on or about January 5, 2005. Defendant further admits that during this interview, Plaintiff indicated his preferred shifts, and specifically indicated that he preferred not to work Sundays. Defendant further admits that during the hiring process, Plaintiff took a qualifying security procedure test, attended a voluntary orientation session, and agreed to a background check. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff and two other individuals (one Caucasian and one Black) attended a voluntary orientation session and took related security tests on or about January 5, 2005. Defendant further admits that it received Plaintiff's test scores on or about January 7, 2005, and thereafter contacted Plaintiff about a job opening. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff orally requested copies of documents related to his employment application and that it asked him to put the request in writing. Defendant further admits that it received two letters from Plaintiff requesting copies of documents related to his employment application. Defendant further admits that it replied to Plaintiff in a letter dated February 28, 2005. To the extent that Paragraph 12

describes the contents of various documents, Defendant states that the documents speak for themselves. Defendant further states that to the extent that the last sentence of Paragraph 12 contains a legal conclusion, no response is required. Defendant denies the remaining allegations of Paragraph 12 of the Complaint.

### **AFFIRMATIVE DEFENSES**

#### *First Affirmative Defense*

Plaintiff's Complaint must be dismissed, in its entirety, with prejudice, as it fails in whole or in part to state a claim upon which relief can be granted, as he fails to set forth a prima facie case under any of the identified statutes.

#### *Second Affirmative Defense*

The Court is without jurisdiction over all alleged acts of discrimination not stated in Plaintiff's charge of discrimination.

#### *Third Affirmative Defense*

To the extent Plaintiff's discrimination claim differs from or exceeds the scope of Plaintiff's charge of discrimination filed with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, it fails to state a claim upon which relief can be granted as Plaintiff failed to exhaust her administrative remedies.

#### *Fourth Affirmative Defense*

The Complaint must be dismissed, in its entirety, with prejudice, as the conduct alleged, even if true, does not state a claim of any form of discrimination.

*Fifth Affirmative Defense*

The Plaintiff has suffered no cognizable damages as a result of the alleged conduct and/or has failed to mitigate damages.

*Sixth Affirmative Defense*

To the extent that any of the allegations contained in the Complaint are outside the applicable statutes of limitations, they are time-barred.

Respectfully submitted,

U.S. SECURITY ASSOCIATES, INC.,
By their attorneys

*/s/ JMBlack/*

Kenneth M. Bello, BBO#036630
Josiah M. Black, BBO#632690
BELLO, BLACK & WELSH, LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
(617) 247-4100

Dated: August 12, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 8/12/05

*/s/ JMBlack/*

5