UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, Pro Se, <br> Plaintiff, <br><br> vs. <br><br> U.S. SECURITY ASSOCIATES, INC., <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   Case No.: 05-11273 WGY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S MEMORANDUM IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Defendant U.S. Security Associates, Inc. ("U.S. Security") submits this Memorandum of Law in support of its Rule 56 Motion for Summary Judgment seeking to dismiss All Counts of the Complaint (the "Complaint") filed by Plaintiff Begashaw Ayele ("Plaintiff").[1]

Plaintiff's Complaint is his *eighth pro se* federal lawsuit against various companies, including several other security firms. In conclusory fashion, he alleges that he was denied an "employment opportunity on the basis of race (African American),

---

[1] A motion for summary judgment may be appropriate even where no discovery has yet occurred. "Rule 56 ... does not require trial courts to allow parties to conduct discovery before entering summary judgment." Humphreys v. Roche Biomedical Labs., 990 F. 2d 1078, 1081 (8th Cir. 1993); Mowbray v. Waste Management, 45 F. Supp. 2d 132 (D.Ma. 1999) (granting plaintiff's summary judgment motion where no discovery regarding certain facts had taken place because defendant's speculative assertions could not meet Rule 56(f) standard that requires a party to show that there is a plausible basis for believing that specified facts probably exist that could be secured by further discovery and that would create a trial issue of fact); Nowaczyk v. Shaheen, 2001 U.S. Dist. LEXIS 1025 (D.N.H. 2001) (denying *pro se* plaintiffs' Rule 56(f) motion to stay summary judgment proceedings pending further discovery because plaintiffs were unable to show how additional discovery would raise any genuine issues of material fact).

1

color (black), National Origin (Ethiopian) and in violation of the Americans with Disabilities Act." Specifically, he claims that he interviewed for a security position for which he was deemed qualified, but indicated that he preferred not to work on Saturday or Sunday. He alleges that despite this stated preference, he was offered a position at a location with a shift of work that involved Saturday and Sunday work. He implies that two others who were interviewed at the same time – one Black and another Caucasian – were offered more favorable assignments.[2]

As set forth below, U.S. Security submits that Plaintiff's Complaint fails to state a claim upon which relief can be granted, as even under the most liberal of pleading standards, he has not alleged sufficient facts to establish a prima facie case of discrimination. Mindful, however, of the pleading standards established by recent Supreme Court and First Circuit authority[3], U.S. Security has submitted with this Motion the Affidavit of Shay Pike, Operations Manager of the Boston Region of the Company. Ms. Shay's Affidavit presents specific indisputable facts that negate any possible inference of discrimination. Specifically, Ms. Shay's Affidavit reflects: (i) the positions offered to Plaintiff and the two individuals identified by him as comparators – one Black, one Caucasian -- involved Saturday and Sunday work, and active walking patrols; (ii) of

---

[2] These summary allegations, previously submitted to the Equal Employment Opportunity Commission ("EEOC") and the Massachusetts Commission Against Discrimination ("MCAD") were dismissed by both agencies for lack of subject matter jurisdiction. Specifically, in its dismissal notice, the EEOC states: *"The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC."* Complaint, ¶3, Exhibit A. The MCAD followed suit on April 20, 2005, stating that it was "in agreement" with the EEOC's determination and *"granted substantial weight to the EEOC's determination to close your case for Lack of Jurisdiction."* Copies of the determinations by the EEOC and MCAD are attached hereto as Exhibit A.

[3] Swierkiewicz v. Sorema N.A, 534 U.S. 506, 512 (2002)(holding that a plaintiff in an employment discrimination case is not required to plead specific facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, but a plaintiff is required to give fair notice of what his or her claims are and the grounds upon which they rest); Educadores Puertorriquenos en Accion v. Hernandez, 367 F. 3d 61, 68 (1st Cir. 2004 ).

approximately 130 individuals employed by U.S. Security in this region, 85 are black, and 47 have resident alien cards; (iii) of the 19 supervisors in this region, 15 are Black.

In short, U.S. Security should not bear the burden and expense of responding further to a plaintiff who alleges nothing more than conclusory allegations of discrimination without predicate facts. Absent Plaintiff coming forward with identifiable discoverable facts in dispute with the record before this Court, summary judgment should enter dismissing Plaintiff's Complaint in its entirety.

## STATEMENT OF UNDISPUTED MATERIAL FACTS
## FACTS ALLEGED BY PLAINTIFF

For the purpose of this Motion only, U.S. Security admits Plaintiff alleges the following facts in his Complaint:

1.  On November 23, 2004, he submitted a resume and cover letter seeking employment with U.S. Security. Complaint, ¶ 8.

2.  On January 4, 2005, he was interviewed by Shay Pike, and made clear "his choice of work" was "between the hours of 3:00-11:00 p.m., M-F and if needed on Saturday . . . but not Sundays." Complaint, ¶ 9.

3.  Because of "a problem in [his] leg" he had left a previous employer and sought "a concierge type job that does not require a lot of walking." Id.

4.  On January 5th, he and two others ("one natural born African-American, one Caucasian and myself") took a security procedure test and an orientation, and a few days later, he was called to "start the 11:00pm-7:00am work shift on Saturday and Sunday." Complaint, ¶ 10.

5.   Plaintiff asked why "the shift promised to me was given to others," but "no answer was given," and from that concluded that U.S. Security's actions were based on his "race, national origin, [and] health condition." Complaint, ¶ 11.

### FACTS PRESENTED BY AFFIDAVIT OF SHAY PIKE

As set forth in the Affidavit of Shay Pike, Operations Manager for the "Boston Region" of U.S. Security, there is no dispute that:

1.   Plaintiff sought employment with the Company, and during the interview process indicated that he did not want to work on Saturdays or Sundays. Shay Aff. ¶¶ 3, 4.

2.   In or about the first week of January, 2005, Plaintiff participated in an orientation process, and took (and passed) the security test. Two other individuals (referenced by Plaintiff in his Complaint) – one Caucasian and one Black – also participated in the orientation process on the same day as Plaintiff. Shay Aff. ¶¶ 4, 7.

3.   Shortly thereafter, on or about January 10, 2005, Plaintiff was offered the first requisition assignment following the return of his exam results, which involved weekend (including Sunday) work. He declined the offer. Shay Aff. ¶ 6.

4.   The two other individuals referenced by Plaintiff in the Complaint likewise were offered (and accepted) positions that involved weekend work and required walking on regular patrols. Shay Aff. ¶¶ 7, 8.

5.   Of the approximately 132 individuals employed by the Company's Boston office: (i) nearly 50 have resident alien status (Shay Aff. ¶ 3); (ii) 85 are Black; and (iii) of 19 supervisors, 15 are Black. Even the individual who initially screened Plaintiff for prospective employment is Black. Shay Aff. ¶ 9.

## LEGAL ARGUMENT

Based on the foregoing undisputed material facts, Defendant respectfully submits that the Court should award it summary judgment on the entire Complaint. Where, as here, the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the onus is on the nonmoving party to present facts that show a genuine issue for trial. Feliciano v. State of Rhode Island, 160 F. 3d 780, 784 (1st Cir. 1998); LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841-42 (1st Cir. 1993). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Plaintiff . . . [must] offer[] . . . 'significant probative evidence tending to support the complaint.'" Feliciano, 160 F. 3d at 784 (citations omitted).

### I. PLAINTIFF'S TITLE VII DISCRIMINATION CLAIMS FAIL BECAUSE HE CANNOT ESTABLISH A *PRIMA FACIE* CASE

Plaintiff's Complaint alleges that he was discriminated against on the basis of his race (African American), color (Black), and national origin (Ethiopian). Complaint, ¶ 3. Even under the most liberal of pleading standards, the material undisputed facts plainly show that Plaintiff has not and cannot present a prima facie case of discrimination under Title VII. Absent direct evidence of discrimination – of which there is none alleged here – a plaintiff's prima facie case requires a showing that: (1) plaintiff is a member of a protected class; (2) plaintiff suffered an adverse employment action; (3) plaintiff was qualified for the job; and (4) the adverse action occurred under circumstances giving rise to an inference of unlawful discrimination. See Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 19 (1st Cir. 1999).

5

Apart from his allegation that he is a member of a protected class, Plaintiff's Complaint is totally bereft of any allegations that support any of the other elements of a prima facie case. Plaintiff alleges, that "his choice of work" was "between the hours of 3:00-11:00 p.m., M-F and if needed on Saturday . . . but not Sundays", (Complaint, ¶ 9), and that he was offered a position that required that he work 11:00pm-7:00am work shift on Saturday and Sunday (Complaint, ¶ 10). Then Plaintiff attempts to support his claim by making a conclusory allegation that the "…shift promised to him was given to others" (Complaint, ¶ 11).

Even under the most generous notice pleading standard, Plaintiff's bald assertions are not sufficient to state a prima facie claim of race discrimination. See, e.g., Educadores Puertorriquenos en Accion v. Hernandez, 367 F. 3d 61, 68 (1st Cir. 2004 ) ("In considering motions to dismiss, courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets. Such eschewal is merely an application of Rule 8(a)(2), not a heightened pleading standard uniquely applicable to civil rights claims.")

While a further analysis is not warranted, it should be noted that the Plaintiff cannot meet the second requirement of the prima facie test, as he admits he was offered a job and thereby did not suffer an adverse employment action. Complaint, ¶ 10; Shay Aff. ¶ 6; See Sullivan v. Stanley, 2005 U.S. Dist. LEXIS 8213 * 26 (D. N.H. 2005) ("plaintiff's preference for a position on the first shift is insufficient to create a triable issue of fact regarding the existence of an adverse employment action"); see also Brown v. Brody, 339 U.S. App. D.C. 233, 199 F.3d 446, 457 (D.C. Cir. 1999) ("Mere idiosyncrasies of personal preference are not sufficient to state an injury"); Craven v.

Tex. Dep't of Crim. Justice - Institutional Div., 151 F. Supp. 2d 757, 766 (N.D. Tex. 2001) ("That [plaintiff] expressed a preference for the day shift is insufficient to conclude that denial of her transfer request was an adverse action").

Furthermore, there is no evidence of any discriminatory animus. As the facts set forth in the Shay Affidavit reflect, Defendant had a legitimate, non-discriminatory reason for offering Plaintiff a job that included certain weekend shifts: Specifically, Plaintiff was offered a job with the hours and days required by Defendant's client, which in this case included weekend work, and which would apply to any individual hired for that position. Shay Aff. ¶¶ 5, 6. The specific times and dates of this particular job (or any security job for that matter) are determined by the client, not Defendant, and had nothing to do with Plaintiff's race. Shay Aff. ¶¶ 5, 6.

There are additional indisputable facts set forth in the Shay Affidavit which defeat any inference of discriminatory animus on the part of Defendant. First, the two other individuals who took their security test with Plaintiff (one Caucasian and one Black) were also offered positions which required them to work on weekends and, of the approximately 132 individuals employed by U.S. Security's Boston office, nearly 50 have resident alien status, 85 are Black and of the 19 supervisors, 15 are Black. Shay Aff. ¶¶ 7, 9.

Thus, Plaintiff cannot demonstrate a prima facie case of race, color, or national origin discrimination under Title VII. As a result, Defendant is entitled to summary judgment on Plaintiff's Title VII claims.

## II. PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM FAILS BECAUSE HE CANNOT ESTABLISH A *PRIMA FACIE* CASE

Plaintiff's cannot meet the standard for a prima facie case under the Americans With Disabilities Act ("ADA"). To establish a prima facie case of disability

7

discrimination under the ADA, Plaintiff must prove that: (1) he is disabled within the meaning of federal law (or is regarded as having a disability); (2) he was able to perform the essential functions of the job, with or without reasonable accommodation; and (3) he suffered an adverse action in whole or in part because of that disability. See Feliciano, 160 F. 3d at 784. Here, Plaintiff has not even alleged the existence of any of these essential elements of a prima facie case.

Plaintiff's sole allegation, which is undisputed for the sole purpose of this motion, is that he "informed Ms. Pike that because of problem in my leg, ... I seek a [concierge] type job which does not require a lot of walking." Complaint, ¶ 9. Even if this allegation is taken as true, Plaintiff has at most alleged he has some sort of impairment, but not a disability. See Lyons v. La. Pac. Corp., 217 F. Supp. 2d 171, 178 (D. Maine 2002) (it is imperative that plaintiff do more than merely assert he had difficulty walking; plaintiff must proffer evidence demonstrating the extent of that limitation on the major life activity of walking); Rivera-Garcia v. Ana G. Mendez Univ. Sys., 329 F. Supp. 2d 213, 219 (D.P.R. 2004) ("merely having an impairment does not make one disabled for the purposes of the ADA," quoting Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 195, 151 L. Ed. 2d 615, 122 S. Ct. 681 (2002)).

The posture and facts of the present case as related to Plaintiff's ADA claim are similar to those in Schaffner v. Barnhart, 2004 U.S. Dist. LEXIS 17348 (D.C. Maine 2004). In Schaffner, a *pro se* plaintiff sued his former employer, alleging that he was terminated due to a perceived disability. The employer filed a motion to dismiss the complaint or, alternatively, for summary judgment, based solely on the allegations in the Complaint and two "declarations" submitted by the defendant. Id. at 1. The Schaffner

Court granted summary judgment to the defendant, concluding that the plaintiff could not make out a prima facie case of discrimination because he did not identify any evidence that: he was actually disabled, had a record of being disabled, or was regarded as disabled. Id. at 19-20.

As in Schaffner, Plaintiff here has pleaded no facts that could allow him to make out a prima facie case of disability discrimination. Indeed, unlike the plaintiff in Schaffner, who met his notice pleading requirements by alleging the existence of a mental disability, in the case at bar Plaintiff *has not even alleged* the existence of a disability. What is clear, regardless of whether the Court applies a 12(b)(6) dismissal standard or a summary judgment standard to this case, is that there are neither allegations nor facts which support Plaintiff's claim of disability discrimination.

With respect to the first prong of Plaintiff's prima facie case, under federal law, the threshold definition of "handicap" requires evidence of "(a) physical impairment that substantially limits one or more major life activities of a person; (b) a record of having such impairment; or (c) being regarded as having such impairment." 42 U.S.C. § 12102(2); EEOC v. Amego, 956 F. Supp. 1039, 1044 (D. Mass. 1996), *aff'd* 110 F.3d 135 (1st Cir. 1997). Even when claiming that one was "regarded as having such impairment," a plaintiff must still be able to demonstrate that the perceived impairment substantially limits a major life activity. See, e.g., Tardie v. Rehabilitation Hosp. of Rhode Island, 168 F.3d 538, 541-42 (1st Cir. 1999) (even though employee "has clearly demonstrated that [her employer] regarded her as having an impairment that prevented her from working more than forty hours per week . . . [t]he question becomes whether such an impairment is an impairment that 'substantially limits' one of [the employee's]

9

'major life activities'"). Not only are there no material disputed facts in this regard, but ***Plaintiff has not even alleged*** that he actually was disabled, had a record of being disabled, or was regarded as disabled.

Likewise, Plaintiff has not alleged facts in support of the second or third prongs of the prima facie case. There are no allegations or disputed facts regarding whether he could have performed the essential function of the job offered to him: active walking on regular patrols of the facility. Shay Aff. ¶ 6. In addition, as noted above in the context of the Title VII discussion, there is no evidence that Plaintiff suffered any adverse action whatsoever -- to the contrary, ***it is undisputed that Plaintiff was offered the job that was available.*** Complaint, ¶ 10; Shay Aff. ¶¶ 5, 6. It is further undisputed that the reason Plaintiff was offered a job which required regular walking was because the job opening that was available at the time required active patrol of the facility (Complaint, ¶ 10; Shay Aff. ¶¶ 5, 6) and that the two other individuals who took their security test with Plaintiff were offered positions similar to the one that Plaintiff had been offered, both of which required regular walking. Shay Aff. ¶ 7.

Based on the undisputed facts, Plaintiff cannot establish the first, second, or third prongs of his prima facie case. Accordingly, Defendant is entitled to summary judgment with respect to Plaintiff's disability discrimination claim.

## CONCLUSION

For the foregoing reasons, Defendant respectfully submits that the Court should enter summary judgment in its favor on all counts of Plaintiff's Complaint.

Respectfully submitted,

U.S. SECURITY ASSOCIATES, INC.,
By their attorneys

_/s/ JM Black_
Kenneth M. Bello, BBO#036630
Josiah M. Black, BBO#632690
Bello, Black & Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA  02116
(617) 247-4100

Dated: August 19, 2005

### Certificate of Service

I, Josiah M. Black, counsel for Defendant U.S. Security Associates, Inc., hereby certify that a copy of the foregoing, Defendant U.S. Security Associates, Inc.'s Memorandum in Support of Its Motion for Summary Judgment was sent by First Class Mail on this 19th day of August, 2005 at the following last known home address:

Mr. Begashaw Ayele
261 O'Callaghan Way #816
South Boston, MA  02127

_/s/ JM Black_
Josiah M. Black

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Bogashaw Ayele
281 O'Callaghan Way, # 816
South Boston, MA 02127

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

EEOC Charge No.: 161-2005-00370
EEOC Representative: Rance A. O'Quinn, Enforcement Supervisor
Telephone No.: (617) 565-3192

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[X] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Robert L. Sanders,
Area Office Director

Enclosure(s)

(Date Mailed)

cc: U.S. SECURITY ASSOCIATE
262 Washington Street
Suite 900
Boston, MA 02108

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

## NOTICE OF FINAL DISPOSITION

4/20/2005

Begashaw Ayelo
261 O'Callahagn Way, # 816
South Boston, MA 02127

Re: Complainant(s) Begashaw Ayelo

Vs.

Respondent(s) U.S, Security Associate
MCAD Docket Number: 05BEM00880
EEOC Charge Number: 161A500370

### LACK OF JURISDICTION FINDING

Dear Sir or Madam:

Please be advised that the Equal Employment Opportunity Commission has informed this Commission of a Final Determination in the above-referenced case dated 03/29/05.

We are in agreement with their decision and have granted substantial weight to the EEOC's determination to close your case for Lack of Jurisdiction. Therefore, your complaint has been dismissed.

### APPEAL PROVISION AND PROCEDURE

If you wish to appeal the dismissal of your complaint, and believe that the finding of Lack of Jurisdiction was incorrect, you may appeal to this Commission within ten (10) days after receipt by you of this notice. Your appeal of the dismissal must be made in writing by you or your attorney to the Appeals Clerk of this Commission (Attention: Nancy To).

Sincerely,

Walter J. Sullivan Jr.
Investigating Commissioner

Cc:

U.S, Security Associate
Attn: Director of Human Resorces
262 Washington St.
Suite 900
Boston, MA 02108

MCAD Docket Number 05BEM00880, EEOC Notice of Final Disposition - LOJ        Page 1