UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, Pro Se,<br>　　　Plaintiff,<br><br>vs.<br><br>U.S. SECURITY ASSOCIATES, INC.,<br>　　　Defendants. | Case No.: 05-11273 WGY |

## DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendant U.S. Security Associates, Inc. ("U.S. Security") submits this concise Statement of Undisputed Material Facts in conjunction with its contemporaneously filed Motion for Summary Judgment seeking to dismiss All Counts of the Complaint (the "Complaint") filed by Plaintiff Begashaw Ayele ("Plaintiff").

### STATEMENT OF UNDISPUTED MATERIAL FACTS

### I.    FACTS ALLEGED BY PLAINTIFF

For the purpose of this Motion only, U.S. Security admits Plaintiff alleges the following facts in his Complaint:

1.　　On November 23, 2004, he submitted a resume and cover letter seeking employment with U.S. Security. Complaint, ¶ 8.

1

2. On January 4, 2005, he was interviewed by Shay Pike, and made clear "his choice of work" was "between the hours of 3:00-11:00 p.m., M-F and if needed on Saturday . . . but not Sundays." Complaint, ¶ 9.

3. Because of "a problem in [his] leg" he had left a previously employer and sought "a concierge type job that does not require a lot of walking." Id.

4. On January 5th, he and two others ("one natural born African-American, one Caucasian and myself") took a security procedure test and an orientation, and a few days later, he was called to "start the 11:00pm-7:00am work shift on Saturday and Sunday." Complaint, ¶ 10.

5. Plaintiff asked why "the shift promised to me was given to others," but "no answer was given," and from that concluded that U.S. Security's actions were based on his "race, national origin, my health condition." Complaint, ¶ 11.

## II.   FACTS PRESENTED BY AFFIDAVIT OF SHAY PIKE

As set forth in the Affidavit of Shay Pike, Operations Manager for the "Boston Region" of U.S. Security, there is no dispute that:

6. Plaintiff sought employment with the Company, and during the interview process indicated that he did not want to work on Saturdays or Sundays. Shay Aff. ¶¶ 3, 4.

7. In or about the first week of January, 2005, Plaintiff participated in an orientation process, and took (and passed) the security test. Two other individuals (referenced by Plaintiff in his Complaint) – one Caucasian and one Black – also participated in the orientation process on the same day as Plaintiff. Shay Aff. ¶¶ 4, 7.

8. Shortly thereafter, on or about January 10, 2005, Plaintiff was offered the first requisition assignment following the return of his exam results, which involved weekend (including Sunday) work. He declined the offer. Shay Aff. ¶ 6.

9. The two other individuals referenced by Plaintiff in the Complaint likewise were offered (and accepted) positions that involved weekend work and required walking on regular patrols. Shay Aff. ¶¶ 7, 8.

10. Of the approximately 132 individuals employed by the Company's Boston office: (i) nearly 50 have resident alien status (Shay Aff. ¶ 3); (ii) 85 are Black; and (iii) of 19 supervisors, 15 are Black. Even the individual who initially screened Plaintiff for prospective employment is Black. Shay Aff. ¶ 9.

Respectfully submitted,

U.S. SECURITY ASSOCIATES, INC.,
By their attorneys

_____
Kenneth M. Bello, BBO#036630
Josiah M. Black, BBO#632690
Bello, Black &Welsh LLP
535 Boylston Street, Suite 1102
Boston, MA 02116
(617) 247-4100

Dated: August 19, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 8/19/05
_____

3