UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE )<br>)<br>             Plaintiff )<br>Vs )<br>) <br>) Civil Action No. 05- 11273WGY<br>U.S Seurity Associates. Inc. )<br>)<br>             Defendant )<br>) | |

**EMERGENCT MOTION FOR A STATUS CONFERENCE
AND EXTENSION OF TIME WITHIN WHICH TO FILE PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT**

On August 19, 2005, defendant U.S. Security Associate, Inc moved this court to dismiss plaintiff's civil complaint one week after it answered plaintiff's complaint. The defendant's motion has no material truth except its desire to declare victory while plaintiff is without substantial but limited documentary evidence that support the claim. To substantiate plaintiff's claim by testimonial evidences from defendant themselves <u>and</u> its employees who know the matter in detail, plaintiff seek the court's emergency meeting both to narrow future discovery disputes but also to avoid possible protracted process as other candidates who where denied employment by defendant may join this lawsuit.

As a basis of this motion, plaintiff further state as follows:

1. On August 23, 2005, at 1: 40pm, I have contacted defendant's counsel <u>Kenneth Bello</u> with the presence of his associates and asked him to identify the two candidates who were

        interviewed and took examination with me for the job so that they will be served notice of deposition but Mr. Bello refused to reveal the name of the two candidates, their address, phone number, and further stated that the law doesn't permit me to contact them except through him.

2. Counsel also refused to reveal the last name of a black women who **falsely** asserted By Shay Pike, Operation Manager, that I was first interviewed by that same black women *and* further declined to ~~his~~ assent for extenuation of time which plaintiff seek in this motion.

3. Counsel further refused to identify the white (most likely she is Spanish in my opinion) secretary who processed pre-employment papers from my initial submission of employment application to the second interview by Shay Pike. In conclusion, Mr. Bello stated that "I have no Right to depose these individuals and attempted to lecture me as to what plaintiff is permitted and not permitted in civil litigation. Mr. Bello hung the phone on me by asserting that he will not agree to all of my request and/or good faith effort to narrow disputes

4. As the conversation breakdown was in progress, I asked Mr. Bello whether he agree to make our conversation in the tape recorder because I believed my pro se status will not allow him to mistreat me as he please but declined.

        Plaintiff will and can not litigate such an important issue of Civil Right under the circumstance and without any supportive proof to my claim. For the reasons explained above, plaintiff seek that the court scheduled an emergency status conference and further permit plaintiff one additional month to complete deposition.

Respectfully submitted

Dated August 23, 2005

Begashaw Ayele, pro se

## CERTIFICATE OF SERVICE

This certify that the foregoing document titled "Emergency Motion for a status conference and extension of time within which to file Plaintiff's Opposition to Defendant's motion for Summary

judgement " has been send to defendant U.S. Security Associates, Inc, by placing in the United States Mail postage prepaid to the following:

    Kenneth Bello,
    BELLO, BLACK& WELSH LLP
    545 Boyleston Street, Suite 1102
    Boston, MA 02116

Sincerely,

Begashaw Ayele