# UNITED STATES DISTRICT COURT
# DSTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BEGASHAW AYELE, PRO SE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs ) | |
| ) | Civ. Action No. 05-11273 WGY |
| U.S. SECURITY ASSOCIATES, INC. ) | |
| ) | |
| Defendant ) | |

## STATEMENT OF PARTIES' UNDISPUTED OF FACT

I, Begashaw Ayele, do depose and state the following:

1.

I am the plaintiff for the above-referenced civil action and am proceeding as my own counsel for the employment discrimination that I believed was committed against me by U.S Security Associates, Inc.

2.

On November 23, 2005, plaintiff submitted a resume and cover letter to U.S. Security Associates, Inc. seeking a security guard position and, subsequently I have completed the employer's application form on or about that same period. In my application,

1

have indicated that I will not work on Sundays and overnight shift of any day and, after the employment application was completed, I provided necessary identification papers that the employers requested. This includes my U.S passport and a Massachusetts driver license, among other things.

4.

On January 4, 2005, I was interviewed *informally* by the Spanish secretary who compiled all pre-employment papers for the position that I have applied for and, later in my final interview with Ms. Shay Pike, the Operations Manager (and the ultimate decision make for hiring candidates) I have explained the reason why I do not want to work on Sundays including informing her about my fear not to encounter another lawsuit against employer whoever attempt to force me to work on my religious day. See also Ms. Pike's Affidavit at ⁋ 4 and plaintiff's civil complaint at ¶ 9. Plaintiff was offered the 3:00Pm-11:00pm work shift (which also other work shift was available as an alternate which start from 4:00pm-12:00 midnight) provided that if I passed the background check, attending eight (8) hour orientatic secession and pass approximately 200 security procedure questions.

5.

On or January 5, 2005 all pre-employment process were completed and took the required examination for that day. On January 10, 2005, I was called by the secretary and was offered the 11:00pm-7:00am (Saturday and Sunday) work shift but I decidedly declined to accept it. The secretary has not given me any reason why the shift and position I sought was given for others but no answer was available. The Operation Manager, however, stated that she can not offer me any security guard position because in the interview she has not bee

2

informed by plaintiff as to my desired work days and shift preference.

6.

When I ask the copy of my employment application and related documents to verify whether I did or did not indicated my desired work days and shift, I was asked by Ms. Pike to submit a letter of request so that the company will provide the requested documents.

7.

Accordingly I have send the first letter of request by U.S registered mail and informed Ms. Pike whether it is good idea to drop the same copy of the letter at her office so that it will not be delayed until the post office process and return the receipt to me. Ms. Pike asked me at what time I will be in her office so that she will know what exact time I will be i her office. I told Ms. Pike that because I will take public transportation and, therefore, it may be around midday. When I arrived at the office (only the secretary and an armed security officer were waiting) Ms. Pike was not present. The secretary has informed me that she was ordered not to provide me such requested documents. When I ask the Security officer whethe it was customary to guard the office at all time and in similar situation, he told me that he wa there because he was ordered and does not know what problem I have in detail.

8

As I was not succeeded for the first attempt, however, I also send (for the second time) the same copy of my letter of request by a U.S. Registered Mail (which was delivered according to the U.S. post office record) but plaintiff was not received the document sought. and later the Operations Manager informed me by letter of February 28, 2005 that

3

*"Massachusetts doesn't require that our organization provide you with such copies"*
(emphasis added)

9.

As a result of the employer's deliberate deprivation of employment opportunity, plaintiff had informed the secretary my determination to file charge of discrimination with appropriate state or federal institution and I have filed the same charge with the EEOC and asked the commission to dismiss the case immediately and issue the right to sue letter within 90 days with federal court

10.

The Equal Employment Opportunity Commission "EEOC" had dismissed the complaint as the MCAD also has dismissed the case per my request for the same .

11.

This lawsuit was filed with federal court on this the 17th day of June 2005 and defendant has answered to the complaint on August 12,2005 and filed its motion for summary judgment on August 19,2005. This affidavit, therefore, is prepared as part of the plaintiff's response to the defendant's motion for summary judgment.

Further affiant say not

Respectfully Submitted

Dated August 15, 2005

Begashaw Ayele
261 O'Callaghan Way #816
South Boston, MA 02127
(617) 474-9774