UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BEGASHAW AYELE, PRO SE )<br>)<br>Plaintiff )<br>)<br>vs )<br>)<br>U.S SECURITY ASSOCIATES, INC )<br>)<br>Defendant )<br>) | Civ. Action No. 05-11273WGY |

## AFFIDAVIT OF BEGASHAW AYELE

1.

I, the plaintiff, Begashaw Ayele, am of a majority age, competent to testify and state the following declaration based on my personal knowledge of the facts to be true and correct.

2.

I am a minority member of the American Society and my national origin is Ethiopia. I have been in the United States for 22 years and am a citizen. I have advanced degree from Boston University but never secured professional job due to several barriers within society. For this reason alone, and always hopelessly, I sought and continue to seek employment in any sector of the business establishment and am willing to take any job that even a high school dropouts do not consider. This includes such as security guard, parking attendant and the like.

3.

As a matter of routine practice, on November 23, 2005, I have contacted several employers including U.S. Security Associate seeking a security guard position after I learned in the internet that the company had several openings. First I have submitted my resume and cover letter and subsequently completed the employer's job application.

4.

In my application (as well as my *informal* interview with the secretary) I have indicated that I do not want to work on Sundays and overnight shift of any days. Plaintiff informed the reason to the Spanish secretary (who completed the pre-employment documentation including background check, employment history, work permit...etc) that my recent family situation will not permit me to work over time or other extra task more than the time I have indicated in my application..

5.

On the January 4, 2005 I had an interview with the Operations Manager, Ms. Shay Pike, I have also informed that I *only* seek job that did not include a Sunday work due to religious as well family reason. Plaintiff unequivocally informed Ms. Pike not to Consider my application if work on Sunday is a mandatory practice because I do not want to have another legal problem with employer. When I was pressed what problem I had in the past, I have plainly informed that I have sued another Parking Company in the past nevertheless was offered the 3:00pm -11:00pm work shift ( also the other was from 4:00pm -12:00Midnight) both of which that does not include Sunday.

6.

Plaintiff also indicated that a concierge (sit-down) type job is more preferable to me due to my leg problem. Ms. Pike was in agreement to all my terms/conditions to offer me the job except that the company's wage will not be equal to or higher than my

former employers. Ms. Pike's offer of employment, however, was conditional subject to passing the pre-employment examination, background check and other <u>proof of proper work right proper</u> **

7.

As directed, plaintiff and two other candidates, (black and white) participated in the examination and each of us discussed our prior work experience, desired work shift and expected weekly wage. The white candidate told us that he had worked overnight shift at a parking company and would like to have the same (or similar work shift) The black candidate also preferred night shift and plaintiff was informed by an associate of the company that two candidates were hired.

8.

In her Affidavit to support defendant's motion for Summary judgment, Ms. Shay Pike had stated that " FOR THE RECORD, THERE ARE SEVERAL MISSTATEMENTS MADE BY MR. AYELE IN HIS COMPLAINT REGARDING OUR CONVERSATION ON JANUARY 5, BUT FOR PURPOSE OF THIS AFFIDAVIT, ONLY I AM NOT RESPONDING TO THEM', <u>See at ¶ 9</u>.

9.

The statement described by Ms. Pike above at paragraph 8 is a **false** testimony as it was only advanced to cause doubt by the court as to the plaintiff's assertion of fact at this very stage of defendant's motion for summary judgment.

Signed under the pain and penalties of perjury this the 15th day of August 2005.

*Begashaw Ayele*, pro se

3